**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Northland Royalty Corp., | ) | |
| | ) | **ORDER DENYING** |
| Plaintiff, | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **SANCTIONS** |
| vs. | ) | |
| | ) | |
| Statoil Oil & Gas L.P., | ) | Case No. 4:15-cv-001 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Plaintiff Northland Royalty Corp.'s (Northland) motion for sanctions filed on July 28, 2017. See Docket No. 26. The Defendant, Statoil Oil & Gas, L.P, (Statoil) filed a response in opposition to the motion on August 11, 2017. See Docket No. 28. On August 17, 2017, the Plaintiff filed a reply brief. For the reasons set forth below, the motion is denied and the parties are ordered to attend a status conference before Magistrate Judge Charles S. Miller, Jr.

**I.     BACKGROUND**

This dispute stems from the alleged non-compliance with a stipulated scheduling order. After the Court denied Northland's motion for summary judgment, the Court held a status conference in mid-August 2016. See Docket Nos. 20 and 22. At the status conference, the parties discussed a joint proposal to resolve the matter without the need for a trial. See Docket No. 22. The Court advised it would cancel the trial set for September 19, 2016, and reset it at a later date if necessary. See Docket No. 22. After eight months passed, the parties presented the Court with a stipulation and agreed scheduling order. See Docket No. 24. On April 19, 2017, the Court adopted the stipulation and scheduling order, which states in relevant part:

1. Within 60 days from the entry of this order, Statoil shall provide documentation of the chain of record title for the disputed oil and gas interests from the first undisputed or common title.

2. Within 45 days of the exchange of title documentation, counsel for the parties shall confer and endeavor to submit a joint stipulated submission of the relevant title documents to the Court, along with the simultaneous filing of each Parties' detailed proposed Findings of Fact, Conclusion of Law, and a proposed Order along with a brief in support of their respective position.

3. Within 20 days after the presentation of their initial submissions, each party may submit a response brief.

See Docket No. 25.

In its motion for sanctions, Northland claims that after repeated attempts to gain compliance, Statoil failed to produce the agreed upon "documentation of the chain of record title for the disputed oil and gas interests from the first undisputed or common title" (hereafter "title documents"). Northland chronologizes a series of emails sent by its counsel to Statoil requesting the title documents and/or an update on the status of the title documents beginning on June 21, 2017 (Docket No. 27-2 "Exhibit 2") and ending July 6, 2017 (Docket No. 27-5 "Exhibit 5"). Northland requests sanctions for Statoil's non-compliance in the form of (1) finding Statoil in contempt; (2) entering default judgment in favor of Northland on its claims against Statoil; and (3) costs and attorney's fees for the motion for sanctions. See Docket No. 27.

Statoil asserts that Northland's motion is without merit but admits that it faced two unforseen challenges in complying with the scheduling order: first, it took Statoil longer than anticipated to reconstruct the chain of title, and second, Statoil did not have in its possession many of the deeds and transfers and had to obtain them from public filings. See Docket No. 28-1 Declaration of Robert Theriot. Statoil further admits that the title documents that were ultimately provided were not provided until after the date set in the scheduling order. See Docket No. 28-1. Nevertheless, Statoil

argues that the sanctions are not warranted.  In its reply, Northland acknowledges receipt of some title documents, but asserts Statoil has get to provide all of the title documents contemplated in the stipulated scheduling order.  See Docket No. 29.

## II. LEGAL DISCUSSION

According to Federal Rule of Civil Procedure 16(f), "if a party or its attorney . . . fails to obey a scheduling order . . .", the Court may issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."  The sanctions enumerated in Rule 37(b)(2)(A)(ii)-(vii) include a finding of a party in contempt and rendering a default judgment against the disobedient party."  Rule 16(f)(2) also provides that:

> instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances made an award of expenses unjust.

Whether to issue such sanctions "is entrusted to [a] district court's sound discretion." *United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in U.S. Currency*, No. 15-1743, 2016 WL 3144679, at *2 (8th Cir. June 6, 2016). The factual question is "whether the evidence supports the chosen sanction." Id. (quotation marks and citation omitted).  Where a party fails to comply with a pretrial order sanctions are appropriate. *Siems v. City of Minneapolis*, 560 F.3d 824, 825–27 (8th Cir. 2009).

It is clear from the facts that Statoil failed to comply with the Court's scheduling order. Although Statoil offers reasons for its failure, the record reflects that Statoil made no attempt <u>prior</u> to the deadline to seek an extension of time to provide the documents or even communicate with

3

opposing counsel regarding the difficulties it encountered gathering the title documents.

The Court, in the exercise of its broad discretion, finds that the appropriate sanction under the circumstances is the award of reasonable expenses and attorney's fees incurred by Northland in the preparation and reply to the motion for sanctions.

### III. CONCLUSION

The Defendant's motion (Docket No. 26) is **GRANTED IN PART AND DENIED IN PART**.

1. The Court finds Statoil failed to comply with the Court's April 18, 2017 Order and the Court **ORDERS** Statoil to pay costs and reasonable attorney's fees to Northland for the preparation and reply to the motion for sanctions. Northland has until Friday, January 5, 2018, to submit billing statements evidencing their costs and attorney's fees for the court's review.

2. The Court directs the parties to attend a status conference before Magistrate Judge Charles S. Miller, Jr., at his earliest convenience.

**IT IS SO ORDERED**

Dated this 18th day of December, 2017

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court